UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| BRITTANY DZIAK<br>c/o Tittle & Perlmuter<br>2012 W. 25th Street, Suite 716<br>Cleveland, OH 44113<br><br>On behalf of herself and all others<br>similarly situated,<br><br>　　　　　Plaintiff,<br>　v.<br><br>SANDUSKY O.K., INC.<br>In its own name and doing business<br>　as Kasper Chrysler Dodge Jeep<br>c/o Its Statutory Agent<br>Gerald Kasper<br>1443 Cedar Point Rd.<br>Sandusky, OH 44870<br><br>　　　　　Defendant. | CASE NO.<br><br><br><br>JUDGE<br><br><br><br><br><br>**PLAINTIFF'S CLASS ACTION**<br>**COMPLAINT** |

Plaintiff Brittany Dziak, through counsel, brings this class action against Defendant Sandusky O.K., Inc., in its own name and doing business as Kasper Chrysler Dodge Jeep (collectively "Sandusky O.K."), and states and alleges as follows:

### INTRODUCTION

1. Plaintiff brings this class action for herself and other purchasers of automobiles from Defendant's dealership. The action challenges Defendant's willful

practice of circumventing the disclosure requirements of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, et seq.

## JURISDICTION AND VENUE

2. The Court has federal question jurisdiction over Plaintiff's TILA claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides in this district and division, a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here, and Defendant regularly conducted business in this district and division out of which claims asserted herein arose.

## PARTIES

4. At all times relevant, Plaintiff was a citizen of the United States residing in Erie County, Ohio, within this judicial district and division.

5. Sandusky O.K. is an Ohio corporation with its principal place of business is at 2401 Cleveland Road, Sandusky, Ohio 44870, within the geographic jurisdiction of the Court. According to the records of the Ohio Secretary of State, Sandusky O.K.'s statutory agent is Gerald Kasper, and Mr. Kasper's address for service of process is 1443 Cedar Point Road, Sandusky, Ohio 44870.

## FACTUAL ALLEGATIONS

6. Defendant Sandusky O.K. is engaged in the sale of new and used automobiles under the fictitious name "Kasper Chrysler Dodge Jeep."

7. For some or all of its automobile sales, Defendant Sandusky O.K. utilizes a practice that circumvents the disclosure requirements of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, et seq.

**DEFENDANT'S CIRCUMVENTION OF TILA DISCLOSURE REQUIREMENTS**

8. Enacted by Congress in 1968, TILA is intended to promote the informed use of credit by ensuring meaningful disclosures and protecting against fraud. Congress mandated "meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit." 15 U.S.C. § 1601(a).

9. TILA requires creditors to disclose credit terms to consumers in designated forms and under prescribed time frames. 15 U.S.C. § 1638. The Act's implementing regulation, 12 C.F.R. § 226.1, et seq. ("Regulation Z"), specifies the form and manner in which creditors must disclose TILA-required information. Regulation Z provides that "[t]he creditor shall make the disclosures required by [TILA] clearly and conspicuously in writing, in a form that the consumer may keep," and that such disclosures be made "**before** the consummation of the transaction." 12 C.F.R. § 226.17(a) & (b) (emphasis added). "Consummation" of the transaction is defined as "the time that a consumer becomes contractually obligated on a credit transaction." 12 C.F.R. § 226.2(a)(13).

10. Defendant Sandusky O.K. creates the appearance of compliance with TILA's requirements and those of Regulation Z. Defendant utilizes a Retail Installment Sales Contract ("RISC") that purports to make the required disclosures of credit-terms. At the top of page one, it states that "[b]y signing this contract, you choose to buy vehicle

3

on credit" and "[y]ou agree to pay the Seller-Creditor (sometimes 'we' or 'us' in this contract) the Amount Financed and Finance Charge … according to the payment schedule below."  Boxes in the agreement—labeled "Truth in Lending Act Disclosures"—state the Annual Percentage Rate, the Finance Charge, the Amount Financed, the Total of Payments, and the Total Sale Price.

11. The Defendant is identified as the "Seller-Creditor" in the RISC.

12. Having obtained the customer's signature on this RISC, Defendant delivers the vehicle to the customer and provides a Bureau of Motor Vehicles registration identifying the customer as "Purchaser/Lessee."

13. But having ostensibly disclosed the transactions' credit terms in the RISC, Defendant then treats the RISC as a nullity and repossessed the car (or forces its return by the customer), demanding other, more favorable terms.

### WILLFULNESS OF DEFENDANT'S TILA VIOLATION AND PREDATORY VICTIMIZATION OF PURCHASERS

14. Defendant's circumvention of TILA's disclosure requirements was intentional and willful.  Defendant intended to mislead purchasers as to the terms of the sale, and in particular the down payment and interest rate they would actually pay.

15. Once purchasers sign the RISC, Defendant treats the credit terms disclosed in the RISC as a nullity, resulting in extreme detriment and injury to Plaintiff and other purchasers.

16. Defendant repossesses or forces the return of customers' cars, then exacts from them higher down payments or interest rates than those agreed upon in the RISC;

4

or, alternatively, forces return of the vehicle and then fails to return the consumer's trade-in vehicle or down payment, charges mileage, and/or charges other fees.

## THE DZIAK TRANSACTION

17. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

18. On October 16, 2017, Plaintiff entered into a contract with Defendant under which Defendant agreed to sell to Plaintiff a 2013 Hyundai Velostar, VIN KMHTC6AD3DU179609, in exchange for a $1,350 down payment and an agreed-upon cash price, $13,361.63, at an annual interest rate of 24.7%. Ms. Dziak's RISC is attached hereto as Exhibit 1.

19. Per the express terms of the RISC, the purchase was to be financed by Defendant as the "Seller-Creditor." Defendant further represented in the RISC that it had assigned its interest in the contract to Consumer Portfolio Service, Inc., a sales financing company, at the time of the sale.

20. In December 2017, Defendant's salesman began demanding via text message that Ms. Dziak return the vehicle. He stated that the 2013 Hyundai Velostar had to be repossessed because, contrary to Defendant's representations in the RISC, it would not commit to finance the vehicle, nor had it assigned the financing to Consumer Portfolio Service, Inc.

21. Plaintiff returned the vehicle, but Defendant retained her down payment.

5

22.     With her down payment illegally confiscated, Plaintiff was left without money in hand to purchase an alternate vehicle after losing the Velostar, and was forced to borrow friends' vehicles for transportation for several months.

## CLASS ACTION ALLEGATIONS

23.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

24.     Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and other members of the Class, defined as:

> All customers who signed a Retail Installment Sales Contract and were later forced to return their cars, had their cars repossessed, or signed a new Retail Installment Sales Contract that included a higher down payment or interest rate, a co-signer requirement, or other additional charge.

25.     The Class is so numerous that joinder of all class members is impracticable. Plaintiff does not yet know the precise number of customers who comprise the Class, but believes and therefore avers that the number well exceeds 100. The number of class members as well as their identities are ascertainable from records maintained by Defendant.

26.     There are questions of law or fact common to the Class. The common questions include whether Defendant's practice of ostensibly disclosing credit terms in a RISC, delivering the vehicle, then treating those terms as a nullity and forcing the return of the vehicle violated the disclosure requirements of TILA, and whether Plaintiff and other class members are entitled to statutory damages.

27. Plaintiff's claims are typical of the claims of other members of the Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of other class members.

28. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Plaintiff's counsel have broad experience in handling class action litigation and are fully qualified to prosecute the claims of the proposed Class in this case.

29. The questions of law or fact that are common to the proposed Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the class members, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members. These issues are readily determinable on a classwide basis.

30. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (Truth in Lending Act—Statutory Damages)

31. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

32. Defendant's sales and leases of automobiles to Plaintiff and other class members were subject to the disclosure requirements of the Truth in Lending Act, 15 U.S.C. § 1601, et seq., and all related regulations, commentary, and interpretive guidance promulgated thereunder.

33. TILA defines "creditor" as the "person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness." 15 U.S.C. § 1602(f)(2). Defendant's RISC names "Kasper Chrysler Dodge Jeep" (Defendant's fictitious name) as "Seller-Creditor." Defendant is a "creditor," as defined by TILA, with respect to its transactions with customers who signed the RISC, including Plaintiff and other class members.

34. Defendant willfully violated TILA and its implementing regulations. Regulation Z required Defendant to make the TILA-required disclosures of credit terms "clearly and conspicuously," and "before the consummation of the transaction." 12 C.F.R. § 226.17(a) & (b). "Consummation" of the transaction is defined as "the time that a consumer becomes contractually obligated on a credit transaction." 12 C.F.R. § 226.2(a)(13). Defendant's RISC created the appearance of compliance, but it unilaterally treats the RISC's terms as voidable and/or illusory.

35. Plaintiff and other class members were injured by Defendant's violation of TILA. For example, they did not receive "meaningful disclosure" of the credit terms as Congress intended, and their transactions with Defendant did not enjoy the TILA-intended protection against fraud. 15 U.S.C. § 1601(a). Plaintiff and other class members are entitled to statutory damages pursuant to 15 U.S.C. § 1640(a)(2)(b).

### COUNT TWO
### (Truth in Lending Act—Actual Damages)

36. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

37. Plaintiff Dziak suffered actual damages as a proximate result of Defendant's violation of TILA.

38. Defendant circumvented TILA's disclosure requirements by having Plaintiff sign a RISC that disguised the down payment, interest rate, and other charges Plaintiff would actually pay.

39. Defendant intended to mislead Plaintiff as to the terms of the sale, and in particular the down payment and interest rate.

40. Once Plaintiff signed the RISC and took delivery of the car, Defendant treated the credit terms disclosed in the RISC as a nullity and repossessed or forced the return of Plaintiff's car, then exacted from her a higher down payment, mileage charge, interest rate, and/or additional charges.

41. Plaintiff Dziak is entitled to actual damages pursuant to 15 U.S.C. § 1640(a)(1). Plaintiff Dziak brings this claim individually.

## COUNT THREE
### (Declaratory Judgment)

42. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

43. Under Ohio Revised Code § 2721.02, "courts of record may declare rights, status, and other legal relations whether or not further relief is or could be claimed."

44. Pursuant to Ohio Revised Code Sections 2721.01 to 2721.15, a justiciable controversy exists between Plaintiff, and other class members, and Defendant.

45. A declaratory judgment will aid in determining the rights and obligations of the parties.

46. Plaintiff asks the Court to declare, among other appropriate declarations, that Defendant's practice of ostensibly disclosing credit terms in a RISC, delivering the vehicle, then treating those terms as a nullity and forcing the return of the vehicle violated the disclosure requirements of TILA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and the Classes;

B. Enter judgment against Defendant and in favor of Plaintiff and other class members;

C. Award declaratory relief in favor of Plaintiff and other class members as herein requested;

D. Award damages to Plaintiff and other class members as requested and appropriate;

E. Award Plaintiff her costs and attorneys' fees incurred in prosecuting

this action and such further relief as the Court deems equitable and just.

                                        Respectfully submitted,

                                        s/ Scott D. Perlmuter
                                        Scott Perlmuter (0082856)
                                        Allen Tittle (0086590)
                                        2012 West 25th Street, Ste. 716
                                        Cleveland, Ohio 44113
                                        216-308-1522
                                        Fax: 888-604-9299
                                        scott@tittlelawfirm.com
                                        tittle@tittlelawfirm.com

                                        and

                                        s/ Thomas A. Downie
                                        Thomas A. Downie (0033119)
                                        46 Chagrin Falls Plaza #104
                                        Chagrin Falls, Ohio 44022
                                        440-973-9000
                                        tom@chagrinlaw.com

                                        Counsel for Plaintiff

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

                                        s/ Scott D. Perlmuter
                                        Scott Perlmuter (0082856)